[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 22, 2010
JOHN LEY
CLERK

No. 10-10379
Non-Argument Calendar
_____

Agency No. A095-254-786

MARTA DORA SALAZAR-HINCAPIE,
OSCAR ANTONIO YUSTY,
SARA YUSTY,
JOSE IGNACIO YUSTY,

Petitioners,

versus

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 22, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Marta Dora Salazar-Hincapie, a native and citizen of Colombia, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, pursuant to the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).[1] In her petition, Salazar-Hincapie argues that the BIA and IJ erred in finding her not credible. After careful review, we deny the petition.[2]

Where the BIA issues a decision, we review that decision, except to the extent that the BIA expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the IJ's decision to the extent the BIA adopts the

---

[1] In addition to Marta Dora Salazar-Hincapie, her husband, Oscar Antonio Yusty, and her children, Sara Yusty and Jose Ignacio Yusty, are also involved in this appeal.

[2] As an initial matter, we lack jurisdiction to consider several issues raised by Salazar-Hincapie. As the BIA limited its ruling to the adverse credibility determination, her argument regarding internal relocation within Colombia is not properly before us. See Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1049 n.5 (11th Cir. 2009) (holding that we will not review portions of an IJ's ruling that are not adopted by the BIA). Furthermore, we must decide the petition on the basis only of the administrative record on which the order of removal was based. 8 U.S.C. § 1252(b)(4)(A). Thus, the new evidence Salazar-Hincapie presents regarding the FARC and the EPL being part of a single umbrella group is beyond our review. Id. Likewise, because Salazar-Hincapie's arguments about the IJ being biased were not raised before the BIA, they are not exhausted, and we do not have jurisdiction to consider them. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006). Finally, Salazar-Hincapie's passing reference to sexual orientation appears to have been included erroneously, as that issue was never raised in the case, nor was it commented on by the IJ.

IJ's reasoning. Id. Here, because the BIA affirmed the IJ and relied on the IJ's adverse credibility determination with regard to the identity of the group that persecuted Salazar-Hincapie and the number of threatening calls she received, we will review both the IJ's and BIA's opinions as to that issue. See id.

We review credibility determinations under the substantial evidence test. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006). This test provides that an IJ's decision will be reversed "only if the evidence compels a reasonable fact finder to find otherwise." Id. (quotation omitted). We review the record in the light most favorable to the BIA's decision, and draw all reasonable inferences in favor of that decision. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005).

To be eligible for asylum, the applicant bears the burden of proving statutory "refugee" status. See 8 U.S.C. § 1158(b)(1)(A). The applicant must, with: "specific and credible evidence, establish (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of future persecution on account of a statutorily-protected ground." Chen, 463 F.3d at 1231 (citing 8 C.F.R. § 208.13(b)). While an applicant's testimony alone can be sufficient to establish these factors, an IJ's denial of asylum relief can be supported solely by an adverse credibility determination, especially if the alien fails to produce corroborating evidence. See id; Forgue, 401 F.3d at 1287-88.

3

"Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). If an IJ explicitly determines that an alien lacks credibility, the IJ must offer specific and cogent reasons for the finding. Id. Even if an IJ finds an applicant not credible, he or she must examine all evidence in the record before denying an asylum application. Forgue, 401 F.3d at 1287.

While an adverse credibility determination "alone may be sufficient to support the denial of an asylum application," it is not sufficient for the IJ to solely rely on the determination if "the applicant produces other evidence of persecution." Id. Generally, "[t]he weaker an applicant's testimony . . . the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Nevertheless, once an adverse credibility determination is made, "the burden is on the applicant alien to show that the . . . credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287. "IJ's must make 'clean determinations of credibility.'" Yang, 418 F.3d

4

at 1201. Ultimately, the fact finder has the duty to determine credibility, and we may not substitute our judgment for that of the IJ regarding to credibility findings. Id.[3]

To qualify for withholding of removal, an alien must show that if returned to her country, her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). The burden of proof for withholding of removal is "more likely than not," and, thus, is more stringent than the standard for asylum relief. Ruiz, 440 F.3d at 1257. If a petitioner is unable to meet the standard of proof for asylum, therefore, she is generally precluded from qualifying for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

Likewise, to qualify for CAT relief, an applicant again must meet standards more stringent than those for asylum eligibility. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007). To qualify for CAT relief, an alien must "demonstrate a likelihood that he will be tortured at the acquiescence of the

---

[3] The REAL ID Act explicitly provides that an adverse credibility determination may be based on any inconsistencies, regardless of whether the inconsistency goes to the heart of the claim. See 8 U.S.C. § 1158(b)(1)(B)(iii) (as amended by the REAL ID Act of 2005, § 101(a)(3), Pub. L. No. 109-13, 119 Stat. 231 (2005)). The provisions of the REAL ID Act pertaining to credibility determinations apply only to asylum applications filed after May 11, 2005. See Chen, 463 F.3d at 1231. As Salazar-Hincapie's initial asylum application was filed in 2002, the provisions of the REAL ID Act do not apply to this case. Id.

government, meaning that the government was aware of the torture, yet breached its responsibility to intervene." Id. (quotation omitted).

On the record here, substantial evidence supports the IJ's finding, adopted by the BIA, that Salazar-Hincapie was not credible based on two inconsistencies: the identity of the group that was threatening her, and the number of threatening phone calls she received. Furthermore, apart from her non-credible testimony, the other evidence submitted is not sufficient to establish Salazar-Hincapie's entitlement to asylum, withholding of removal, or CAT relief. For example, Salazar-Hincapie's affidavits regarding her harassment by the FARC stated generally she had been harassed by the FARC, without explaining how such a conclusion was reached or including any specific supporting facts. Salazar-Hincapie also submitted a letter and identification form showing that she worked for the Colombian Company of Tabaco S.A., but nothing in that document indicated that she suffered harassment as a result. Likewise, she included a letter showing that her husband briefly worked for the El Colombiano newspaper, but otherwise offered nothing indicating that this led to any persecution. In addition, nothing in her cousins' death certificates indicates that they were murdered by a guerrilla group on the basis of a protected ground, nor does Salazar-Hincapie offer any documentary evidence to relate those acts to her own situation. Moreover, Salazar-Hincapie's husband, who was presumably available to

testify and corroborate her testimony at the removal hearing, never testified, and she offered no explanation for not calling him to testify.

Therefore, the record does not compel a finding that the IJ and BIA erred in finding Salazar-Hincapie to not be credible, and Salazar-Hincapie has failed to establish through credible evidence her eligibility for asylum. By extension, she also has failed to satisfy the more stringent burdens for withholding of removal and CAT relief. See Forgue, 401 F.3d at 1288 n.4 (noting that a failure to establish eligibility for asylum on the merits necessarily entails ineligibility for withholding of removal and CAT relief). We deny Salazar-Hincapie's petition for review.

**PETITION DENIED**.